**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KALVIN DRUMMOND, et al.,** | : | |
| **on behalf of himself and others** | : | **CIVIL ACTION** |
| **similarly situated,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HERR FOODS INC., et al.,** | : | **No. 13-5991** |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**Schiller, J.**                                                                                     **January 9, 2014**

Plaintiffs were delivery truck drivers for Herr Foods Inc. ("Herr"). Although their exact job duties will need to be fleshed out during discovery, Plaintiffs allege that they delivered and stocked Herr's products at franchise, local chain, and independent retailers. Plaintiffs claim that Herr failed to pay them overtime pay. The Amended Complaint is a collective and class action complaint that asserts claims pursuant to the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL"). Herr filed a motion to dismiss the WPCL claim. For the reasons that follow, the motion is granted. However, Plaintiffs will be afforded the opportunity to file a Second Amended Complaint.

## I.    BACKGROUND

Kalvin Drummond, Christopher Grandison, Mohammed Bah, and Shane Bent worked for Herr as route sales representatives. Their primary duties included "driving a delivery truck along established routes and delivering and stocking products at franchise, local chain, and independent retailers." (Am. Compl. ¶¶ 34-35.) Herr paid employees a base salary between $500 and $550 per

week and a commission on proceeds above a base amount that were generated from sales to retailers along the delivery route. (*Id*. ¶ 42.) Though Plaintiffs regularly worked fifty or more hours a week, Herr did not pay them for more than forty hours a week. (*Id*. ¶¶ 43, 36.)

According to Plaintiffs, prior sales experience was not a prerequisite for the job, and Plaintiffs received minimal training. (*Id*. ¶¶ 48, 50.) Plaintiffs lacked authority to hire or fire employees, set schedules, or make discretionary decisions for Herr. (*Id*. ¶¶ 54, 56.) Thus, Plaintiffs claim that they were non-exempt hourly employees under FLSA and entitled to overtime compensation. (*Id*. ¶ 60.)

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d

2

224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id*. (holding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a motion to dismiss for failure to state a claim. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id*. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id*.

III.    DISCUSSION

Herr filed a motion to dismiss the WPCL claim, crisply asserting that, "The WPCL does not create an independent right to recover wages for alleged statutory violations . . . . Rather, it only serves as a mechanism to recover wages that are allegedly due *pursuant to a contract*. (Def.'s Mem. of Law in Supp. of Def.'s Partial Mot. to Dismiss Pls.' Am. Compl. [Def.'s Mem.] at 2.) Here, according to Herr, Plaintiffs failed to allege that Herr breached a contractual obligation to pay the overtime wages to which Plaintiffs now claim they are entitled. (*Id*.)

Plaintiffs direct this Court to case law that supports their conclusion that a contractual

3

entitlement to wages is not necessary to sustain a WPCL claim. In *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963 (Pa. Super. Ct. 2009), the Pennsylvania Superior Court considered a case in which employees of a chicken processing plant sued because they were paid only for time they spent on the production line, and not for time they spent donning, doffing, and sanitizing their protective gear. The complaint contained no allegation that the employer specifically promised that employees would be compensated for donning, doffing, and sanitizing, but it alleged that they would be paid for all hours worked. *Id*. at 965. The complaint included claims under the PMWA and the WPCL, for breach of an oral contract, and for unjust enrichment. In overturning the trial court's decision to sustain preliminary objections in the nature of a demurrer, the court stated that "the WPCL is a statutory vehicle that the legislature has provided for employees to recover unpaid wages that are due them." *Id*. at 969. The court held that because the plaintiffs alleged that they were owed wages under the PMWA, "the employees could also enforce their right to those wages under the WPCL." *Id*.

Plaintiffs read *Lugo* as abrogating any requirement for a contract to underlie a WPCL claim. Thus, a statutory claim for compensation can serve as the basis for a WPCL claim. Indeed, some courts that have looked at the question since *Lugo* have agreed. Recently, a court in the Western District of Pennsylvania refused to dismiss a WPCL claim despite the absence of a contract. *Hively v. Allis-Chalmers Energy, Inc.*, Civ. A. No. 13-106, 2013 WL 2557629, at *2 (W.D. Pa. June 10, 2013). "Since the decision in *Lugo*, both federal and state courts have held that a right to wages that may be asserted under the PMWA may also be litigated under the WPCL even in the absence of a contract." *Id*. And another court presented with the issue stated that "*Lugo* adopts a broader interpretation of the WPCL as a vehicle for employees to recover unpaid wages, regardless of the source of their employer's obligation to pay the wages. That holding departs from the 'contractual

4

approach' adopted in earlier Superior Court opinions, under which the WPCL was interpreted only as a vehicle for plaintiffs to recover unpaid wages due to them under an employment contract." *Moser v. Papadopoulos*, Civ. A. No. 10-6791, 2011 WL 2441304, at *3 (E.D. Pa. June 16, 2011). One court explicitly interpreted *Lugo* to mean that "where a complaint alleges that certain wages may be owed under the PMWA (a statutory basis), a plaintiff may also enforce the right to those wages under the WPCL, even in the absence of a contract." *Galloway v. George Jr. Republic*, Civ. A. No. 12-1399, 2013 WL 5307584, at *16 (W.D. Pa. Sept. 19, 2013).

However, Herr relies on a number of cases that support its position that the WPCL claim must be dismissed because Plaintiffs have failed to identify a contractual basis for the claim. (Def.'s Mem. at 4-5.) Without question, some case law in this district supports Herr's position. For example, in *Scott v. Bimbo Bakeries, USA, Inc.*, Civ. A. No. 10-3154, 2012 WL 645905 (E.D. Pa. Feb. 29, 2012), the court dismissed a WPCL claim because the plaintiffs' "alleged entitlement to minimum wage and overtime payments is based on federal and state statutory provisions, not the contract at issue, and therefore does not provided a basis to proceed under the WPCL." *Id.* at *5 (citing *Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726, 734 (M.D. Pa. 2007)). In a case decided prior to *Lugo*, this Court recognized that "[t]he WPCL provides employees with a statutory remedy to recover wages and other benefits that are contractually due to them." *Wolfslayer v. Ikon Office Solutions, Inc.*, Civ. A. No. 03-6709, 2005 WL 181913, at *12 n.5 (E.D. Pa. Jan. 26, 2005) (citing *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997)).

Moreover, Plaintiffs failed to address a case from the Superior Court decided subsequent to *Lugo* that demonstrates that this issue remains unsettled. In *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875 (Pa. Super. Ct. 2011), the Superior Court considered a WPCL claim for breach of an agreement

to pay wages for rest breaks and off-the-clock work. The court was guided by the following precept: "We agree with the United States Court of Appeals for the Third Circuit's observation that, absent a formal employment contract or collective bargaining agreement, an employee raising a WPCL claim would have to establish, at a minimum, an implied oral contract between the employee and employer." *See id.* at 954 (citing *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir.2003)); *see also Baron v. Quad Three Grp., Inc.*, No. 221 MDA 2012, 2013 WL 3822134, at *4 (Pa. Super. Ct. Jan. 22, 2013). The Superior Court reiterated that a wage payment claim requires a contractual entitlement to compensation from wages as well as a failure to pay that compensation. *See Braun*, 24 A.3d at 954 ("To present a wage-payment claim, the employee must aver a contractual entitlement to compensation from wages and a failure to pay that compensation.").

The Court concludes that the current state of the case law requires a plaintiff to establish a contractual obligation to compensation to state a WPCL claim. Admittedly, the Pennsylvania Superior Court has provided both sides with support for their respective positions. But the most recent pronouncement from that court, a pronouncement consistent with the Third Circuit Court of Appeals's view and the view of this Court in a previous case, convinces this Court that a contractual obligation remains necessary for a WPCL claim.

Plaintiffs have not alleged any such contractual obligation, either express or implied. However, Plaintiffs have requested leave to file another amended complaint because "[a]dditional evidence exists suggesting that Defendant incorporated its statutory obligation to follow FLSA and the PMWA into its employment agreements with Plaintiffs." (Pls.' Resp. in Opp'n to Def.'s Partial Mot. to Dimiss Pls.' Am. Compl. at 22.). The debate over the need for a contractual obligation does not address of the contours of that requirement. Rather, the scope of the contractual relationship

6

necessary to sustain a WPCL claim is subject to debate. *Euceda v. Millwood, Inc.*, Civ. A. No. 12-895, 2013 WL 4520468, at *4 (M.D. Pa. Aug. 26, 2013).  One court recently concluded that a formal employment contract is not required; a binding agreement may be express or implied. *Id*. While a contractual obligation to compensation is needed, the need for an explicit formal written agreement has been chipped away, if it ever existed. Because it is possible for Plaintiffs to plead a contractual obligation sufficient to sustain a WPCL claim even in the absence of an express employment agreement, the Court will afford them the opportunity to state such a claim. Therefore, the Court will grant Defendant's motion but will allow Plaintiffs to amend their Amended Complaint for the sole purpose of alleging facts sufficient to maintain a WPCL claim based on a contractual entitlement to compensation. An Order consistent with this Memorandum will be docketed separately.