IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KALVIN DRUMMOND, et al., | : | |
| on behalf of himself and others | : | CIVIL ACTION |
| similarly situated, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| HERR FOODS INC., et al., | : | No. 13-5991 |
|     Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                                **March 2, 2015**

Kalvin Drummond was a route salesperson ("RSP") for Herr Foods Inc. ("Herr's"), a manufacturer and distributor of snack foods. According to Plaintiffs, Herr's violated the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law when Herr's failed to pay overtime to its route salespersons. The lawsuit is brought as a collective and class action. According to Herr's, FLSA's outside sales exemption applies, and therefore it is not obligated to pay overtime to route salespersons. Presently before the Court is Plaintiffs' motion to conditionally certify this case as a FLSA collective action. For the reasons that follow, the motion is granted.

**I.      BACKGROUND**

Named Plaintiff Kalvin Drummond and opt-in Plaintiffs Christopher Spross and Jacqueline Jones all worked for Herr's as RSPs at its South Philadelphia branch. According to Herr's RSP job description, RSPs are tasked with "[s]afely driv[ing] route truck over assigned route to sell, deliver, and merchandise products, as well as provide excellent customer service to a variety of grocery, mass

merchandise, and independent chain stores." (Pls.' Mot. for Conditional Certification Ex. E [Job Description].) According to Herr's, the essential duties of the position included selling, delivering, stocking and merchandising Herr's brand snack foods to grocery retail and independent chain stores; rotating and providing credit to accounts for stale or damaged items; increasing current customer sales volume through building relationships with key decision makers, asking about customer needs, and communicating product knowledge; increasing the customer base by soliciting new accounts; executing company sponsored programs; processing orders; collecting cash from customers and processing invoices; safely operating a step-van delivery truck; conducting pre-trip safety inspections; and managing daily accuracy of product inventory. (*Id.*)

The affidavits submitted in support of conditional certification are very similar. (Pls.' Mot. for Conditional Certification Exs. F [Drummond Aff.]; G [Spross Aff.]; & H [Jones Aff.].) According to the affiants, after they were hired, they spent a week at a Herr's facility in Nottingham, Pennsylvania for orientation. (Drummond Aff. ¶ 4; Spross Aff. ¶ 4; Jones Aff. ¶ 4.) They continued training for four to six weeks thereafter by accompanying more experienced RSPs on their routes. (Drummond Aff. ¶ 5; Spross Aff. ¶ 5; Jones Aff. ¶ 5.) This training required them to work more than forty hours per week. (Drummond Aff. ¶ 6; Spross Aff. ¶ 6; Jones Aff. ¶ 6.) According to Plaintiffs' affidavits, Herr's did not allow RSPs to negotiate with key accounts in order to increase the permanent display space available to Herr's. (Drummond Aff. ¶ 16; Spross Aff. ¶ 19; Jones Aff. ¶ 18.) Herr's also restricted RSPs from introducing new products to key accounts until both Herr's and the key accounts approved the product. (*Id.*) Moreover, the vast majority of products that RSPs sold to non-franchise retailers were based on a customary agreement to replace the products that were sold since the RSP's last visit. (Drummond Aff. ¶ 17; Spross Aff. ¶ 20; Jones Aff. ¶ 19.) Finally,

Herr's did not pay these RSP's overtime wages for hours worked above forty hours a week. (Drummond Aff. ¶ 21; Spross Aff. ¶ 24; Jones Aff. ¶ 23.)

James Rock, Herr's vice president of direct store delivery, testified about the compensation plans for RSPs. In Pennsylvania, RSPs were paid either solely by commissions or they were provided a base salary and earned commissions once they reached a certain threshold. (Mem. of Law in Opp'n to Pls.' Mot. to Conditionally Certify this Matter [Herr's Opp'n] Ex. B [Rock Dep.] at 31-34.) For example, an RSP could earn $550 a week in base salary and then an additional 12% commission on all sales over a certain threshold, and perhaps a 13% commission on all sales over a second threshold. (*Id*. at 34-35.)

## II.   DISCUSSION

### A.   FLSA Collective Action Certification Standard

The FLSA allows an employee to sue "on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Courts in the Third Circuit apply a two-tiered approach to FLSA collective action certification. First, the district court will decide whether to conditionally certify the class in order to facilitate notice to potential class members. *Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012); *Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*, Civ. A. No. 09-379, 2009 WL 1515175, at *1 (W.D. Pa. June 1, 2009) (noting that during the initial notice stage, "the court determines whether a class should be conditionally certified for the purpose of notice to potential opt-in plaintiffs and for pretrial discovery regarding their individual claims"). When presented with a motion for conditional class certification, a court must determine whether the named plaintiff has made a "modest factual showing" that the proposed recipients of opt-in notices

are similarly situated to the named plaintiff. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011). There must be some evidence of "a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id*. This is a lenient standard but requires some evidence beyond mere speculation that the defendant's policy affected other employees. *See Anyere v. Wells Fargo Co.*, Civ. A. No. 09-2769, 2010 WL 1542180, at *2 (N.D. Ill. Apr.12, 2010) ("A 'modest factual showing' . . . cannot be founded solely on allegations in the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents." (quoting *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007)); *Bishop v. AT&T Corp.*, 256 F.R.D. 503, 507 (W.D. Pa. 2009). If the named plaintiff can meet this minimal burden, the court will grant conditional certification for the purposes of notice and discovery. *Mott v. Driveline Retail Merch., Inc.*, 23 F. Supp. 3d 483, 486 (E.D. Pa. 2014).

The second tier is the final certification. The court applies an ad-hoc approach based on all the relevant factors to determine whether the plaintiffs have demonstrated by a preponderance of the evidence that they are similarly situated. *Zavala*, 691 F.3d at 536-37.

**B.     Certification of Collective Action Discussion**

Herr's makes a number of arguments in favor of rejecting conditional certification here. Herr's argues that this Court should refuse to conditionally certify any collective action. In the alternative, Herr's argues that at a minimum, the Court should limit the collective action to the South Philadelphia branch, because the evidence Plaintiffs submitted in support of certifying a collective action is almost entirely limited to the South Philadelphia Branch.

Herr's asserts that certification of a South Philadelphia Branch collective action is not

warranted because "an individualized analysis is required to determine the exemption status of each RSP." (Herr's Opp'n at 20.) Herr's notes that in its Answer, it notified Plaintiffs that "some or all of the individuals they seek to represent were at all relevant times exempt from the overtime requirements of federal and Pennsylvania state law pursuant to, *inter alia*, the 'outside sales,' 'administrative,' 'highly compensated,' 'motor carrier,' and/or 'combination' overtime exemptions." (*Id*.) To date, however, Plaintiffs have only addressed the outside sales exemption. (*Id*.)

Herr's also argues that the briefing and current state of the record indicate that this case will require highly individualized factual determinations. (*Id*. at 22.) Specifically, the outside sales exemption and driver-salesperson regulation will require an individualized analysis of many factors. (*Id*. at 23-30.)

The Court appreciates the zealous advocacy and comprehensive briefs from both Plaintiffs and Herr's. But given the lenient standard applied here, Plaintiffs have easily met their burden. The vast majority of Herr's arguments are better left for another day. For example, even accepting that Drummond and Spross "had significantly different work experiences," this does not foreclose conditional certification. (*See* Herr's Opp'n at 15-16.) Plaintiffs must merely be similarly situated, not identically so. *See Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 80 (D.N.J. 2014) ("Because a full evaluation of the merits is not appropriate at this stage, it is sufficient that Plaintiffs share similar job duties and share a similar business relationship with Defendants."); *Jacob v. Duane Reade, Inc.*, Civ. A. No. 11-160, 2012 WL 260230, at *8 (S.D.N.Y. Jan. 27, 2012) ("Moreover, before the Court is not whether Plaintiffs and other assistant store managers were identical in all respects, but rather whether they were subjected to a common policy to deprive them of overtime pay when they worked more than 40 hours per week."). Plaintiffs submitted evidence of similar job

responsibilities, training, and compensation structure among RSPs. Plaintiffs performed the same basic daily tasks and can still be similarly situated even though different RSPs were responsible for different accounts. Moreover, although Rock testified that Herr's used many different payment plans for RSPs, the differences were in the numbers such as the incentive thresholds and commission percentages. (Rock Dep. at 36.) All of the RSPs at a particular branch were paid using the same method. (*Id*. at 37.) Despite these different pay plans, none of Herr's RSPs were paid on an hourly basis and none of the RSPs were awarded overtime for hours worked over forty. (*Id*. at 40-41.) Finally, Plaintiffs submitted evidence of a uniform policy that renders all RSPs exempt from receiving overtime pay. Right now, there is more than sufficient evidence to conclude that the fate of the RSPs' FLSA claims will rise or fall together depending on the applicability of the outside sales exemption.

The Court believes that conditional collective action certification is appropriate despite the possibility that multiple exemptions may apply. Herr's Answer specifically referenced the possibility of some combination of five or more FLSA exemptions applying in this case. However, the Court sees no reason at this time why an exemption may apply to some Plaintiffs but not to others. Herr's ultimately may be able to demonstrate that one or more exemptions apply to RSPs and therefore, RSPs are not entitled to overtime pay. Plaintiffs have presented evidence that however that question is answered, the answer will be the same for all RSPs. Accordingly, Plaintiffs have met their burden to demonstrate that RSPs are similarly situated and that this case should be conditionally certified.

Herr's assertion that individual RSP inquiries will be necessary to decide the legal issues in this case are best left for the second stage of FLSA collective action certification. *See Burkhart-Deal v. Citifinancial, Inc.*, Civ. A. No. 07-1747, 2010 WL 457127, at *3 (W.D. Pa. Feb. 4, 2010) ("[A]

defendant's claim or defense that individualized circumstances of employees render the matter unsuitable for collective treatment may be more appropriately reviewed during step two of the certification process.") During the second stage, the Court must decide whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiff. *See Mott*, 23 F. Supp. 3d at 486. At that point in time, the Court will consider disparate factual and employment settings of the individual plaintiffs. *See id*. When faced with a motion for conditional certification, however, a defense that the plaintiffs' claims are too individualized to proceed collectively is not a basis to deny the motion. *See id*. at 490.

Despite Herr's allegations of differences in compensation packages, training, job duties, and the decentralized nature of Herr's sales operations, the evidence before the Court right now is that Herr's treats the "far more than 500 RSPs nationwide" the same for purposes of FLSA. (*See* Herr's Opp'n Ex. A [Rock Decl.] ¶ 3.) The Court notes that Plaintiffs have submitted a plethora of RSP job openings from across the country. Regardless of the location of the opening, the job descriptions, including the essential duties and responsibilities, and the required skills, including qualifications and physical demands, appear identical for all of the openings. (Reply Br. in Further Supp. of Pls.' Mot. for Conditional Certification Ex. 1 [RSP Job Openings].) Thus, there is sufficient evidence for purposes of a FLSA conditional certification motion for this Court to conclude that Plaintiffs are similarly situated. *See Jacob*, 2012 WL 260230, at * 8 ("Furthermore, Defendants did not consider the differences in . . . job duties sufficient to require [the defendant] to undertake an individual analysis before categorically classifying all [assistant sales managers] as exempt from FLSA, although [the defendant] now portends that such individualized inquiry will be necessary if the Court certifies the collective action.").

### C. Notice

District courts retain the discretion to facilitate the notice process. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169 (1989). To notify potential opt-ins, Plaintiffs request that this Court order Herr's to provide the names, addresses, and phone numbers of all individuals who have worked for Herr's as RSPs in the last three years. (Pls.' Mem. of Law in Supp. of Pls.' Mot. to Conditionally Certify this Matter as a Collective Action at 43.) In response, Herr's proposes to pay for a third-party claims administrator to distribute notice. (Herr's Opp'n at 32-33.) Herr's proposal is reasonable. Plaintiffs do not outright reject Herr's proposal but seek a brief period to work out details with their adversary. (Reply Br. in Further Supp. of Pls.' Mot. for Conditional Certification at 11-12.) This is also reasonable. The Court expects that the lawyers will be able to work out the details of the notice.

### IV. CONCLUSION

Named Plaintiffs have met their minimal burden here. They have included a number of affidavits as well as deposition testimony which establish the modest factual showing that Plaintiffs are similarly situated to proposed opt-ins. The correctness of Herr's classification of its RSPs is not before this Court in this motion. At this juncture, Plaintiffs have produced sufficient evidence that RSPs were similarly situated such that Court will order notice of this collective action be provided to potential opt-ins. An Order consistent with this Memorandum will be docketed separately.