IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KALVIN DRUMMOND, MOHAMMED BAH, CHRISTOPHER GRANDISON, SHANE BENT, ROBERT CIAMPAGLIA and STEFAN GODLEY on behalf of themselves and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HERR FOODS INC., <br><br> and <br><br> JOHN DOES 1-10, <br><br> Defendants. | Civil Action No. 2:13-cv-05991-BMS |

### [PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT

This matter came on for hearing upon the Court's Order of April 13, 2016, following the Plaintiffs' unopposed motion for final approval of the settlement in this action. Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

    a.    The Court has jurisdiction over the subject matter of the above-captioned action, the named Plaintiffs ("Class Representatives"), Defendant Herr Foods Inc. ("Defendant") and all members of the Settlement Class, which

consists of all individuals employed by Defendant in the position of "Route Salesperson" or "Senior Route Salesperson" for at least one day between November 10, 2011 and January 31, 2016, as well as any individual who filed a complaint or consent form in the Action prior to November 10, 2014 and who worked for Defendant within three years prior to the date he or she filed the consent form with the Court (collectively the "Settlement Classes" or "Settlement Class Members").

b. The term Stipulation shall refer to the Joint Stipulation of Class and Collective Action Settlement and Release filed by the parties in this case in connection with their application for preliminary approval of this matter, and all terms herein shall have the same meaning as terms defined in the Stipulation, unless specifically provided herein.

c. The Court grants final approval of the parties' Settlement on the terms set forth in the Stipulation.

d. The Court finds that the distribution by first-class mail of the Notices of (1) Proposed Class and Collective Action Settlement and (2) Final Settlement Approval Hearing ("Notice") and Claim Form constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state laws. Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed Class Members of the terms

of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Settlement Class Members objected to the Settlement, and only 5 individuals opted out of the Settlement.

e. The Court finds, for purposes of settlement only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this settlement, this Court has certified a class of all Settlement Class Members, as that term is defined above. Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

f. The Court finds, for settlement purposes only, that the Settlement Class Members meet the requirements for collective action certification under Section 216(b) of the Fair Labor Standards Act.

g. The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representatives, and Defendant (collectively "Settling Parties"). The

        Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation.

h.     Except as to any individual claim of those persons (identified in Attachment A hereto, if any, by employee identification number) who have validly and timely requested exclusion from the Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representatives and the Settlement Class Members. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

i.     By this Judgment, each Settlement Class Member who has not validly and timely requested exclusion from the Settlement by opting out (including the Class Representatives and Claimants), regardless of whether he or she made a claim against the settlement for any money, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the Released Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising prior to January 31, 2016, which arise under state or local or regulation and: (a) were pled in the Action at any time; and/or (b) could have been pled, including all claims based on any of the following: (i) alleged failure to pay any type of overtime wages, (ii) alleged failure to pay any type of earned or minimum wages, (iii) alleged improper deductions, and (iv) to the extent related to

4

the claims in this Action, any statutory, constitutional, regulatory, contractual or common law claims for wages, damages, litigation costs, unfair business practices, unfair competition (including, without limitation, all such claims available in the state(s) where each Participating Class Member lived or worked as an Route Salesperson, Senior Route Salesperson, or similarly titled position, as set forth in the appendix of state statutes attached to the Stipulation of Settlement as Exhibit E); and (c) this release includes any and all of the following based on any of the matters released by the foregoing (a) and (b) above: penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief (collectively "Participating Class Members' Released Claims").

j. By this Judgment, each and every Claimant (including the Class Representatives and all individuals who already were opt-in Plaintiffs at the time of preliminary approval) shall be deemed to have, and by operation of the Judgment shall have, also fully, finally, and forever released and discharged the Released Parties from (in addition to the Participating Class Members' Released Claims) any and all claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, arising prior to the date the Claimant signs his or her Claim Form that were asserted or could have been asserted in the Action at any time pursuant to the FLSA, including all claims based any of the following: (i) alleged

failure to pay wages, (ii) alleged failure to pay overtime wages, (iii) alleged failure to pay straight time or earned wages, and (iv) alleged failure to pay minimum wages, and this release includes any and all of the following based on any of the matters provided for above in this paragraph: penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief ("Claimants' Released Claims").

k. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendant or any of the Released Parties, or whether class or collective action certification is warranted in this action or any other proceeding or that decertification is not warranted in this action or any other proceeding; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment

6

|  |  |
|---|---|
|  | bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. |
| l. | The Action is dismissed on the merits and with prejudice, permanently barring the Class Representatives and Settlement Class Members (other than those who timely filed valid written requests for exclusion from the Class) from prosecuting any of the Participating Class Members' Released Claims, and also permanently barring the Class Representatives and Claimants from prosecuting any of the Claimants' Released Claims. |
| m. | The Court hereby confirms the appointment of Kalvin Drummond, Mohammed Bah, Christopher Grandison, Shane Bent, Robert Ciampaglia and Stefan Godley as Class Representatives for the Settlement Class for purposes of the Settlement. |
| n. | The Court hereby confirms the appointment of Justin Swidler of Swartz Swidler, LLC as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein. |
| o. | The Court finds that the plan of allocation set forth in the Stipulation is fair and reasonable and that distribution of the Settlement Fund to Claimants, Class Counsel and Class Representatives shall be done in accordance with the terms outlined in the Class Notice and Stipulation. Pursuant to the Class Notice and Stipulation, Defendant shall pay Two Million Dollars and No Cents ($2,000,000.00) to fund a Qualified Settlement Fund. Other than Defendant's payment to the Qualified Settlement Fund, Defendant and Released Parties shall not be required to |

        make any payments in connection with the Settlement. The following payments shall be paid out of the Qualified Settlement Fund: (i) all Settlement Shares as defined in the Stipulation (ii) Class Counsel's approved attorneys' fees and costs in this matter; (iii) payment of approved reasonable fees to the Settlement Administrator for its services; (iv) enhancement payments to the Class Representatives in an amount not to exceed $31,000 total ; and (v) Defendant's share of payroll taxes. The Court finds that these payments are fair and reasonable. Accordingly, the Court hereby awards to Class Counsel for attorneys' fees of Six Hundred Sixty-Six Thousand and Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($666,666.66), and costs of $13,220.77 as of the date of disbursement. The Court also hereby approves the payment of settlement administration costs in the amount of $34,538.20 to Kurtzman Carson Consultants LLC ("KCC") the Settlement Administrator for services rendered in this matter. The enhancement awards to the Class Representatives in an amount of $7500 for Kalvin Drummond, $5000 each for Mohammed Bah, Shane Bent, and Christopher Grandison, $1500 each for Robert Ciampaglia and Stefan Godley, $500 for Christopher Spross, and $5000 for Jaqueline Jones ($31,000 total) for his or her services to the class are approved.

p.    The Settlement Administrator is directed to make the foregoing payments to Class Counsel, the Settlement Administrator, and Class Representatives in accordance with the terms of the Stipulation. Those payments come out

of the total Qualified Settlement Fund provided for in the Stipulation. After deducting the foregoing, the remaining shall constitute the Net Settlement Fund, and the Settlement Administrator shall distribute payments of Settlement Shares to Claimants pursuant to the terms of the Stipulation.

q. The unclaimed Settlement Shares and uncashed Settlement Share checks (including all pro rata additional allocations for unclaimed amounts distributed to Claimants) shall be paid as set forth in the Stipulation.

r. This matter is hereby dismissed with prejudice. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representatives, the Settlement Class, Class Counsel, and Defendant for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

s. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: Sept 6, 2016

_____
Hon. Berle M. Schiller
United States District Judge

9